UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIANA DAVALOS, JESSICA
BURCIAGA, IESHA MARIE
CRESPO, CLAUDIA SAMPEDRO, and
URSULA MAYES,

    Plaintiffs,

v.                                  Case No: 6:20-cv-1082-CEM-GJK

THE PRINCETON EXCESS AND
SURPLUS LINES INSURANCE
COMPANY and JAMES RIVER
INSURANCE COMPANY,

    Defendants.

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Better Responses to Discovery Requests (Doc. 49). The motion seeks more illuminating responses to Plaintiff's interrogatories 5, 8, 16, and 21, and requests for production 2, 5, 9, 12, 13, 16, and 25 (Id. at 2-3).

Defendant James River Insurance Company's response to the motion states that it has produced the information sought in response to interrogatories 5, 16, and 21 (Doc. 54 at 1; Doc. 54-1 at 4-5, 7). Based upon this representation, the motion is **DENIED AS MOOT** as to interrogatories 5, 16, and 21.

Remaining are the following interrogatory and requests for production:

> **Interrogatory 8**: Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third-party adjusters to use in connection with the handling of claims made in the Underlying Lawsuit, including but not limited to, the analysis

undertaken in making a determination that you would accept or reject the Plaintiffs' claims in the Underlying Lawsuit.

**Request for Production 2**: Copies of any and all documents, correspondence, notices, letters, and the like exchanged between you and Underlying Action Defendants, whether exchanged before or after the filing of the Underlying Lawsuit.

**Request for Production 5**: Copies of any and all communications exchanged between you and any third party, other than your attorneys, pertaining to the Underlying Action Defendants and relating to the Underlying Lawsuit.

**Request for Production 9**: The electronic diary, including the electronic and paper notes made by your claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiffs' claims.

**Request for Production 12**: The adjusting reports prepared concerning Plaintiffs' claims relating to the Underlying Lawsuit.

**Request for Production 13**: The emails, instant messages and internal correspondence pertaining to Plaintiffs' claims relating to the Underlying Lawsuit.

**Request for Production 16**: Documents containing the key information on which you relied in making decisions on the Plaintiffs' claims, including any document containing communications or interactions with any other non-party insurance company, adjuster, or attorney.

**Request for Production 25**: The correspondence between you and the any third-party adjusters/adjusting firms, third-party administrators, or subcontractors who worked on the claim that pertain to the claim at issue.

(Doc. 49-1 at 11; Doc. No. 49-2 at 2, 6, 9, 12, 13, 17, 28).

Defendant objects to interrogatory 8 and requests to produce 9, 12, 13, 16, and 25, on the basis that they seek work-product protected information, attorney-client privileged communications, proprietary and confidential protected trade secrets, and bad

faith discovery that is not discoverable (Doc. 54 at 2-3). Defendant also objects that the requests seek the claims file, which it argues is not discoverable in this coverage action (Doc. 49-1 at 11-12, 16-17; Doc. 49-2 at 9-10, 12-14, 17-18, 28-30).

To the extent Defendant claims work-product protection and attorney-client privilege, it did not comply with Judge Kelly's Standing Order Regarding Privileged and Protected Information, which requires the party making the claim to file a motion for protective order (Doc. 1 at 4, 6:18-mc-20-GJK). The same is true regarding information Defendant deems confidential, under Judge Kelly's Standing Order Regarding Confidential Information (Doc. 2 at 3, 6:18-mc-21-GJK). The Standing Order on Discovery directs counsel to both Standing Orders (Doc. 7, ¶ 3).

There is no blanket protection of an insurer's claims or underwriting file, or prohibition on "bad faith discovery" in federal cases where coverage is disputed. See Essex Builders Grp., Inc. v. Amerisure Ins. Co., No. 6:04–cv–1838–ACC–JGG, 2006 WL 1733857, at *2 (M.D. Fla. June 20, 2006). The prohibition on producing the claims file is based on the work-product protection and attorney-client privilege. St. Joe Co. v. Liberty Mut. Ins. Co., No. 305-CV-1266-HLA-MCR, 2006 WL 3391208, at *3 (M.D. Fla. Nov. 22, 2006), enforcement granted in part, denied in part, 2007 WL 141282 (M.D. Fla. Jan. 16, 2007) ("There is no all encompassing privilege which protects claims files; however, courts have found the attorney-client privilege or work product doctrine protects certain documents within an insurer's claims file.").

Under Fed. R. Civ. P. 26(b)(5)(A)(ii):

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The Standing Order regarding Privileged and Protected Information requires the party asserting the privilege or protection to "demonstrate[], through evidence such as affidavits or testimony, that a privilege or the work-product protection applies." (Doc. 1 at 4, 6:18-mc-20-GJK). Defendant's objections do not describe the nature of the documents, communications, or tangible things not produced or disclosed. These descriptions may be included in a privilege log, but Defendant did not file the privilege log with the Court. And Defendant presents no evidence, by affidavit or otherwise, supporting its claims of privilege or protection. Defendant's objections based upon privilege and work product protection are insufficient to meet its burden of establishing the privilege and protection, to comply with Rule 26(b)(5)(A)(ii) and Judge Kelly's Standing Order Regarding Privileged and Protected Information. Consequently, the Court **OVERRULES** Defendant's objections to interrogatory 8 and requests to produce 9, 12, 13, 16, and 25.

Defendant also states that the discovery requests are either irrelevant or Plaintiffs do not demonstrate how they are relevant (Doc. 54 at 2-3). Regarding requests to produce 2 and 5, in addition to arguing relevancy, Defendant asserts that they are overbroad and unduly burdensome (Id. at 3). In response to the requests to produce, Defendant stated, "Subject to and without waiving these objections, see non-privileged documents from the claims file produced in response to request number 1 above." (Doc. 49-2 at 3, 6, 9, 12, 14, 17, 27).

Courts in this district and elsewhere have explained that producing documents (or

saying that no responsive documents exist) "subject to and without waiving" objections "preserves nothing and wastes the time and resources of the parties and the court. Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request." Martin v. Zale Del., Inc., No. 8:08-CV-47-JDW-EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008); see also Chambers v. The Sygma Network, Inc., No. 6:12–cv–1802–RBD-TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co., No. 2:10–cv–753–CEH-SPC, 2011 WL 3841557, at *2 (M.D. Fla. Aug. 29, 2011). Accordingly, these objections are **OVERRULED**. The Court finds that, other than objections based on privilege, Defendant waived any objections it may have had to requests to produce 2, 5, 9, 12, 13, 16, and 25.

The final issue is whether Plaintiff demonstrates the relevance of interrogatory 8, which asks Defendant to

> identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third-party adjusters to use in connection with the handling of claims made in the Underlying Lawsuit, including but not limited to, the analysis undertaken in making a determination that you would accept or reject the Plaintiffs' claims in the Underlying Lawsuit.

(Doc. 49-1 at 11).

Plaintiffs allege claims against Defendant for breach of contract and declaratory relief concerning Defendant's refusal to provide insurance coverage for its insureds use of Plaintiffs' likenesses without their permission (Doc. No. 11 at ¶¶ 15-19). Defendant's written procedures or policies for handling such claims and its analysis in accepting or rejecting Plaintiffs' claims are relevant to whether Defendant breached the insurance

policy with its insureds in rejecting coverage. Defendant offers no explanation as to how the interrogatory is irrelevant (Doc. 54 at 2-3). Defendant's relevancy objection to interrogatory 8 is **OVERRULED**.

Now, the motion to compel is **GRANTED** as to interrogatory 8 and requests to produce 2, 5, 9, 12, 13, 16, and 25. **On or before June 15, 2021**, Defendant must fully respond to these discovery requests.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2021.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties